IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| WILLIE COTTON, | : | |
| | : | |
| Petitioner | : | |
| | : | |
| VS. | : | |
| | : | CIVIL ACTION: 5:13-CV-0208-CAR |
| SAM OLSEN, | : | |
| | : | |
| Respondent | : | |

## ORDER ON MOTION TO CLARIFY

Petitioner **WILLIE COTTON** filed a *pro se* petition for writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254.  The Court read this petition as a challenge to Petitioner's March 9, 2000, conviction in the Bibb County Superior Court.  Because Petitioner had already filed a prior federal habeas corpus petition challenging this conviction, Cotton v. Barrow, 5:03-CV-0334 (DF), the Petition was found to be successive within the meaning of 28 U.S.C. § 2244(b).  The action was accordingly dismissed without prejudice.

Petitioner has now filed a "Motion to Clarify the Misconception" (Doc. 7), which the Court will construe as a motion for reconsideration.  Petitioner's Motion alleges that he did not intend to file a § 2254 action in this Court, but instead petitioned the Court to issue an order instructing the Bibb County Superior Court to rule in a matter

pending before it.   The Court has again reviewed the Petition (Doc. 1) and does not find where Petitioner ever previously requested such relief.   Even if he had, however, the Petition would still have been dismissed.   "[A] federal court lacks the general power to . . . to direct state courts and their judicial officers in the performance of their duties." Moye v. Clerk, DeKalb County Superior Court, 474 F.2d 1275, 1276 (11th Cir. 1973). Accord Van Sickle, v. Holloway, 791 F.2d 1431, 1436 n. 5 (10th Cir. 1986); Haggard v. Tennessee, 421 F.2d 1384, 1385 (8th Cir. 1970).   Plaintiff's Motion is thus **DENIED**.

      **SO ORDERED**, this 29th day of October, 2013.

                S/   C. Ashley Royal
                C. ASHLEY ROYAL, Judge
                UNITED STATES DISTRICT COURT

jlr